# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. CR588-003 |
| ) | |
| TONY BLACKSHEAR, ) | |
| ) | |
| Movant/Defendant. ) | |

## REPORT AND RECOMMENDATION

On July 31, 2007, Tony Blackshear was sentenced to nine months' imprisonment for violating the terms of his supervised release. (Doc. 257.) He has challenged the sentence pursuant to 28 U.S.C. § 2255, arguing that his term of supervised release properly ended in 1996 and that the sentencing court was therefore without jurisdiction to revoke it. (Doc. 263.)

The government responded to the motion but misconstrued it as a rehash of Blackshear's prior motions seeking release from custody. (Doc. 266.) Upon reviewing Blackshear's arguments, the Court concluded that, taken at face value, they appeared to have merit. (Doc. 265.) The Court

therefore ordered the government to submit additional briefing responsive to the issues raised in the instant motion. (Doc. 265.) In its subsequent brief, the government agreed with the Court's assessment. (Doc. 266.)

As the government now concedes, Blackshear's three-year term of supervised release properly commenced on February 9, 1993, when he was first paroled from prison. See United States v. Reider, 103 F.3d 99, 102 (10th Cir. 1996) (holding that for defendants sentenced between the passage of the Anti-Drug Abuse Act and the effective date of the Sentencing Reform Act, supervised release commences when that defendant is released from prison, not when his mandatory release period expires); United States v. Lynch, 114 F.3d 61, 64 (5th Cir. 1997) ("[T]he plain language of the statute compels the result that the term of supervised release begins upon the defendant's release from imprisonment."); United States v. Cook, 329 F.3d 335, 337-38 (3rd Cir. 2003) (same); United States v. Delamora, 451 F.3d 977, 980 n.3 (9th Cir. 2006) (same). Relying upon Reider and Lynch, this Court previously addressed this issue and reached the same conclusion as those courts. See Clemons v. United States, No. 402cv52 (S.D. Ga. Sept. 10, 2002). Blackshear's three-year term of supervised release thus expired

in February of 1996.

Accordingly, the Court was without jurisdiction to revoke Blackshear's supervised release in 2007. The instant § 2255 motion should be **GRANTED**, and the order revoking Blackshear's supervised release should be **VACATED**.

**SO REPORTED AND RECOMMENDED** this 25th day of January, 2008.

/s/ G. R. Smith
_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
