UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

v.                          588CR003

TONY BLACKSHEAR

## O R D E R

In 1988 Tony Blackshear pled guilty to cocaine possession and was sentenced to 15 years plus three years of supervised release. Doc. ## 121, 132, 133. Released from prison in 2002, he commenced 3 years of supervised release.[1] Doc. # 214. But he later fell by the wayside, so the Court revoked his release in 2005. Doc. # 221. Much happened after that; suffice it to say that he was re-sentenced on 7/31/07 to 9 more months' imprisonment -- having again violated his release terms. Doc. # 257.

However, Blackshear then accomplished something rare: He *successfully* challenged his incarceration under 28 U.S.C. § 2255. Doc. # 263 (§ 2255 motion); # 267 (Report and Recommendation agreeing with him); # 270 (this Court's Order adopting R&R). As it turns out (and for reasons not relevant here), his 3-year, supervised-release term properly commenced on 2/9/93, when he was first released from prison. Thus, his supervised release actually ended in 1996. Doc. # 267 at 2. "Accordingly, the Court was without jurisdiction to revoke Blackshear's supervised release in 2007." *Id.* at 3. It follows that the 2005 and 2007 revocations were void.

Blackshear, who is now out of prison, *see* doc. # 272 (Notice of Change of Address), has not been content to go away quietly. Instead, he has filed a "Motion to Void Judgment," doc. # 271, contesting the 8/4/88 forfeiture of his property in the criminal case against him. He argues that the forfeiture portion of the Court's judgment (doc. # 133) is void because the forfeiture violated his plea agreement and was therefore illegal. *Id.* at 1-5.

More specifically, Blackshear claims that he agreed only to plead guilty to count 5, and that the Government agreed to dismiss all other counts of the indictment, including counts 1 through 4, 6 and 7. *Id.* at 2. He thus moves the Court for an immediate ruling because he now wants his forfeited property back. Doc. # 273; *see also* doc. # 275.

Rather than invoke any sort of timeliness argument (*e.g.*, statute of limitations), the Government opposes Blackshear on the merits. It points out that he pled guilty to count five of the indictment and expressly agreed to forfeiture. It cites this portion of the plea agreement that it reached with Blackshear:

The defendant agree[s] to forfeiture of all property stated in Count VII of the indictment except parcel number 1, which is the defendant's residence. The parties agree that the government will reserve its right to file civil forfeiture actions against all property owned directly or indirectly by the defendant or any relative of the defendant, including the defendant's residence. The forfeiture of this property is not being resolved at this time by agreement of the parties. It is the intent of this paragraph to fully preserve all civil litigation options for the government as to any property which has any relationship to the facts of this case.

---

[1] In the 1980s the federal system abolished parole and now "uses supervised release to supervise felons after they get out of prison. People on supervised release have not completed their sentences, they are serving them." *U.S. v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007); *see also U.S. v. Delamora*, 451 F.3d 977, 978-79 (9th Cir. 2006) ("The Sentencing Reform Act, effective [11/1/87] ... abolished probation and all forms of parole and imposed a unified system of supervised release for all federal crimes").

Doc. # 274 at 2  (quoting doc. # 132 at 2).

The Court sentenced Blackshear accordingly. Doc. # 133. Blackshear insists that doc. # 132 is "inconsistent" and "misleading" and that doc. # 121 represents the "real" agreement. Doc. # 275 at 2. The Government is thus trying to mislead this Court, he contends. *Id.*

The Court will assume it still has jurisdiction over Blackshear (criminal proceedings have terminated, Blackshear faces no further legal jeopardy, and he is not in "custody" for habeas-jurisdiction purposes, *see generally* 39 C.J.S. HABEAS CORPUS § 262 (Apr. 2008); Wright & Miller, 17B FED. PRAC. & PROC. JURIS.3D § 4262 (*Requirement of Custody*) (2008), thus rendering jurisdiction over him questionable).

The Court concludes that Blackshear is just plain wrong. The record shows that he agreed to plead guilty and signed Change of Plea documentation to that effect. Doc. # 121. He then also signed a Plea Agreement wherein he agreed to forfeit specific property, doc. # 132 at 2 ¶ 3; *id.* at 5-6 (his and his attorney's signatures), and the Court signed a conforming Order of Forfeiture. Doc. # 138. There is nothing substantive to suggest that any of these supporting documents in the record are suspect.

Blackshear possibly (his latest filings are "rantish" and unclear) wants to make hay out of the fact that his *pro forma* Change of Pleas form (doc. # 121) was filed on 5/19/88 while the follow-up agreement (to plead guilty *and* to forfeit specific property) was not filed until 6/29/88. Doc. # 132. But there is nothing improper about a processing lag like that, especially back in the pre-electronic docketing, pre-email days when many in the criminal-justice system were not fully versed in computerized communications, document-generation, etc. Nor does Blackshear point to anything concrete to undermine the Court's

confidence in what its records reflect.

The remainder of Blackshear's motions (*e.g.*, doc. # 283 (to remove a member of the Clerk's Office staff from handling the file in this case)) are just plain silly and thus denied.

Accordingly, all pending motions (including doc. ## 271, 273, 275, 278 & 283) in this case are ***DENIED***.

This  21  day of May, 2008.


*B. AVant Edenfield*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA