UNITED STATES OF AMERICA

v.                              588CR003

TONY BLACKSHEAR

## O R D E R

In 1988 Tony Blackshear pled guilty to cocaine possession and was sentenced to 15 years plus 3 years of supervised release. Doc. ## 121, 132, 133. Supervised release[1] violations put him back in prison, doc. # 221, but ultimately he won 28 U.S.C. § 2255 relief, doc. ## 263, 267, 270, when this Court concluded that it had been without jurisdiction to revoke his supervised release when it did. Doc. # 270 Hence, it released him from prison. *Id.*

But Blackshear has not been content to go away quietly. Instead, he filed a "Motion to Void Judgment," doc. # 271, contesting the 8/4/88 forfeiture of his property in the criminal case against him. He argued that the forfeiture portion of the Court's judgment (doc. # 133) is void because the forfeiture violated his plea agreement and was therefore illegal. *Id.* at 1-5. He thus moved the Court for an immediate ruling in order to recover his forfeited property. Doc. # 273; *see also* doc. # 275.

Rather than invoke any sort of timeliness argument (*e.g.*, statute of limitations), the Government opposed Blackshear on the merits. It pointed out that he pled guilty to Count Five

of the indictment and expressly agreed to forfeiture. It then cited to a portion his plea agreement. Doc. # 274 at 2.

The Court assumed it still had jurisdiction over Blackshear (criminal proceedings had terminated, Blackshear faced no further legal jeopardy, and he was not in "custody" for habeas-jurisdiction purposes, *see generally* 39 C.J.S. HABEAS CORPUS § 262 (Apr. 2008); Wright & Miller, 17B FED. PRAC. & PROC. JURIS.3D § 4262 (*Requirement of Custody*) (2008), thus rendering jurisdiction over him questionable). It then denied Blackshear relief. Doc. # 284 (entered 5/22/08); *see also* doc. # 286 (Order denying Blackshear's "Motion for Summary Judgment").

Blackshear appealed Order # 284. Doc. # 287. The Eleventh Circuit, however, has paused the appeal and issued a limited remand:

> Tony Blackshear's notice of appeal, filed June 18, 2008, is untimely because it was not filed within ten days of the May 22, 2008, entry of the district court's order denying Blackshear's motion to correct a judgment of forfeiture. *See* Fed.R.App.P. 4(b). Because, however, the notice was filed within the additional time permitted for filing a motion for extension of time to appeal, it is construed as such a motion, Fed.R.App.P. 4(h)(4); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983). Accordingly, this appeal is REMANDED to the district court for a determination of excusable neglect or good cause. When the district court has made the necessary findings it shall return the record, as supplemented, to this Court for further action.

Doc. # 295.

Now that his case is back before this Court on limited remand, Blackshear has moved for

---

[1] In the 1980s the federal system abolished parole and now "uses supervised release to supervise felons after they get out of prison. People on supervised release have not completed their sentences, they are serving them." *U.S. v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007); *see also U.S. v. Delamora*, 451 F.3d 977, 978-79 (9th Cir. 2006) ("The Sentencing Reform Act, effective [11/1/87] ... abolished probation and all forms of parole and imposed a unified system of supervised release for all federal crimes").

assorted relief that appears to go to the merits of what is now on appeal. Doc. # 297. He thus ignores the fact that this Court is without jurisdiction to act, *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (As general matter, filing of notice of appeal deprives district court of jurisdiction over all issues involved in appeal), so his motion is ***DENIED*** on that basis.

Meanwhile, Blackshear shall have 15 days from the date this Order is served to show what neglect excuses his late appeal. The Clerk shall promptly present any response, or word of non-response, following that 15 day period.

This __10__ day of November, 2008.


B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA